UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY COFFELT,

      Plaintiff,                          Case No. 1:08-CV-333

v.                                           HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

**ORDER APPROVING REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff, Randy Coffelt, filed suit against Defendants Michigan Department of Corrections, Director Patricia Caruso, and Maintenance Supervisor Lee Thilie. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the magistrate judge issued a report and recommendation suggesting that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. The report and recommendation was served on June 2, 2008, and Plaintiff has filed objections. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. Because the objections are without merit, the Court will adopt the report and recommendation and dismiss Plaintiff's complaint.

      According to his complaint, Plaintiff fell on a slippery concrete floor and broke his right wrist. Plaintiff alleges that his injury was caused by Defendant Thilie improperly resurfacing the prison floor by not mixing the epoxy sealer with sand as required. Plaintiff alleges that Defendant Thilie was deliberately indifferent to his safety in violation of the Eighth Amendment. Plaintiff

seeks to hold Defendant Caruso liable for his injury because she is responsible for all Michigan prisons and should have taken steps to prevent Defendant Thilie's error. The magistrate recommended dismissing Plaintiff's complaint for failure to state a claim because the Michigan Department of Corrections enjoys Eleventh Amendment immunity. Additionally, the magistrate found that Defendant Caruso was not actively involved in the alleged unconstitutional behavior and could not be held liable in a supervisory capacity. Finally, the magistrate concluded that Plaintiff failed to state a claim against Defendant Thilie under well-established precedent that slippery prison floors do not constitute deliberate indifference sufficient to state a violation of the Eighth Amendment.

In his objections, Plaintiff argues that Michigan Department of Corrections officials can be sued in their individual capacity and are not absolutely immune. However, this argument misses the point. While MDOC employees can be sued in their individual capacity, the magistrate was correct that the MDOC itself is immune from suit under the Eleventh Amendment. Additionally, even though Plaintiff can sue Defendant Caruso in her individual capacity, Plaintiff fails to state a claim against Defendant Caruso not because she is immune from suit, but because she was not actively involved in the alleged unconstitutional behavior. Plaintiff seeks to hold Defendant Caruso liable simply because she is responsible for all prison officials and should have taken steps to prevent the slippery floor. However, as the magistrate notes, supervisory liability under 42 U.S.C. § 1983 cannot be based upon a mere failure to act. Finally, Plaintiff does not offer any objections to the magistrate's conclusion that he fails to state a claim against Defendant Thilie because slippery prison floors do not violate the Eighth Amendment, despite Plaintiff's assertion that Thilie was "deliberately indifferent." At best, Thilie's alleged conduct amounts to negligence. Therefore, the Court agrees with the magistrate that Plaintiff fails to state a claim against Defendants MDOC, Caruso, and Thilie.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The dismissal of this action counts as a strike for purposes of 18 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

**This case is concluded**.


Dated: June 20, 2008                                       /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

3